IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AEGIS SECURITY INSURANCE COMPANY | § § § | |
| v. | § § § | Civil Action No. 4:23-cv-00316<br>JURY |
| JAIME HARO AND MARGARITA HARO | § | |

## ORIGINAL COMPLAINT FOR DECLARATORY JUDGMENT

COMES NOW Plaintiff Aegis Security Insurance Company ("Aegis" or "Plaintiff") and files its Original Complaint for Declaratory Judgment against Defendants Jaime Haro and Margarita Haro ("Defendants"), as Plaintiff has paid the applicable water damage policy limit to Defendants, and Defendants are requesting compensation above such policy limit. Plaintiff respectfully shows the Court as follows:

### I.  PARTIES

1. Aegis Security Insurance Company is a company organized under the laws of the State of Pennsylvania, with its principal place of business in Harrisburg, Pennsylvania.

2. Jaime Haro is an individual citizen and resident of Texas who may be served with process by personal service at 5910 Brazos Lakes Dr, Richmond, Fort Bend, TX 77469, or wherever he may be found.

3. Margarita Haro is an individual citizen and resident of Texas who may be served with process by personal service at 5910 Brazos Lakes Dr, Richmond, Fort Bend, TX 77469, or wherever she may be found.

## II.   JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction over this lawsuit pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202.

5. In addition, this Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Plaintiff and Defendants are citizens of different states and the amount in controversy exceeds $75,000.00, excluding interest and costs.

6. Venue is proper in this Court under 28 U.S.C. § 1391(b)(2) because a substantial part of the events giving rise to Defendants' insurance claim at issue occurred within this District and within this Division.  More specifically, this is an insurance coverage action concerning a policy issued in Texas, which provides coverage for a property located at 5910 Brazos Lakes Dr, Richmond, Fort Bend County, TX 77469 (the "Property").

7. Further, venue is also appropriate in this Court under 28 U.S.C. § 1391(b)(3) because Defendants have, at all material times, been citizens of the State of Texas.

## III.   FACTUAL BACKGROUND

8. Aegis seeks a declaratory judgment to determine its rights and obligations under an insurance policy, Policy No. KOP60036998/R01, originally issued to Jaime Haro and Margarita Haro on June 6, 2019, and renewed effective June 6, 2020, to June 6, 2021 (the "Policy").  The Policy provides coverage for damage to, among other coverages, the Property, subject to the terms and conditions of the Policy.

9. More than one-and-one-half years after the original Policy effective date of June 6, 2019, Defendants filed a claim under the Policy for damages to real and personal property caused by a plumbing water supply pipe(s) on the Property which froze and burst on or about February 17, 2021.  The claim was assigned Claim No. 831204 (the "Claim").  Aegis assigned the claim

investigation to Coast to Coast Claim Services LLC ("CCCS").  CCCS began an investigation of the Claim, including an inspection of the Property.

10.     The Policy is a named perils policy, with several endorsements.  The Policy includes the following named perils, subject to the terms and conditions of the Policy: Fire and Lightning; Sudden and Accidental Damage from Smoke; Windstorm, Hurricane and Hail; Explosion; Aircraft and Vehicles; Vandalism and Malicious Mischief; Riot and Civil Commotion; and Theft.  Neither freeze nor water were among the named perils in the Policy.  However, one of the endorsements to the Policy added certain coverage for direct loss to property caused by an additional peril - sudden and accidental discharge of water within a plumbing system - up to a limit of $20,000, subject to the terms and conditions of the Policy.

11.     CCCS' inspection revealed that Defendants' claimed property damage was caused by a water pipe(s) which froze and burst.  Following CCCS' inspection of the Property, Plaintiff paid the $20,000 applicable policy limit to Defendants.  Plaintiff's $20,000 payment exhausted the applicable policy limit, as a result of which Plaintiff does not have any further liability to Defendants for the water damage Claim under the Policy.  Plaintiff also issued separate payments totaling $5,600 for the full amount of Defendants' alternative living arrangement expenses claimed by Defendants.

## IV.     DECLARATORY RELIEF SOUGHT

12.     Aegis re-alleges and incorporates by reference all preceding paragraphs.

13.     An actual controversy of a justiciable nature presently exists between Aegis and Defendants concerning the rights and obligations of the parties pursuant to the Policy with respect to the Claim for a freeze/water loss.

14. Aegis seeks a judicial determination that Aegis' liability for Defendants' water damage Claim has been satisfied by Aegis' payment of the $20,000 applicable property damage limits of the Policy and Aegis' payments totaling $5,600 for the full amount of Defendants' alternative living arrangement expenses claimed by Defendants, for the following reasons: (1) there is no coverage in the Policy for property damage caused by the peril of freezing; and (2) the only coverage in the Policy for property damage caused by the peril of sudden and accidental discharge of water within a plumbing system states that Aegis' total limit of liability for any such loss has a limit of $20,000.  Specifically, the Policy states, in relevant part:

### SECTION I – PERILS INSURED AGAINST

**COVERAGE A (DWELLING) AND
COVERAGE B (PERSONAL PROPERTY)**

We insure against physical loss to the property described in Coverage A (Dwelling) and Coverage B (Personal Property) caused by a peril listed below, unless the loss is excluded in Section I Exclusions.

1. **Fire and Lightning.**

2. **Sudden and Accidental Damage from Smoke.**

   This peril does not cover loss caused by smog or by smoke from industrial or agricultural operations.

3. **Windstorm, Hurricane and Hail.**

   This peril does not cover:

   a. loss to the following:

      (1) cloth awnings, greenhouses and their contents, buildings or structures located wholly or partially over water and their contents.

      (2) radio and television towers, outside satellite dishes, masts and antennas, including lead-in wiring, wind chargers and windmills.

   b. loss caused by rain, snow, sand or dust, whether or not driven by wind, unless the direct force of wind or hail makes an opening in the roof or wall

and the rain, snow, sand or dust enters through this opening and causes the damage.

4. **Explosion.**

   This peril does not include loss caused by or resulting from:

   a. Breakage of water, sewage or steam pipes or any component of a plumbing system.

   b. Freezing of plumbing, heating or air conditioning systems or household appliances.

   c. Discharge, leakage or overflow of water, sewage or steam from within a plumbing, heating or air conditioning system or household appliance.

5. **Aircraft and Vehicles.**

   This peril does not cover loss caused by any vehicle owned or operated by an occupant of the **residence premises**.

6. **Vandalism and Malicious Mischief.**

7. **Riot and Civil Commotion.**

8. **Theft**, including attempted theft and loss of property from a known place when it is likely that the property has been stolen.

   The peril does not cover:

   a. personal property while away from the **residence premises** at any other residence owned by, rented to or occupied by an **insured**, except while an **insured** is temporarily living there.

   b. personal property while away from the **residence premises** and unattended in or on any motor vehicle or trailer, other than a public conveyance, unless all its doors, windows and other openings are closed and locked and there are visible marks of forcible entry.

   Property is not unattended when the **insured** has entrusted the keys of the vehicle to a custodian.

   c. building materials and supplies not on the **residence premises**.

<center>* * * * *</center>

**TEXAS HOMEOWNERS' AMENDATORY ENDORSEMENT MS HO 90
ADDITIONAL PERILS COVERAGE WITH LIMITED WATER
COVERAGE (For use with Form HO-A)**

For the premium charged, under **SECTION I – PERILS INSURED AGAINST**, we insure direct loss to property described in **COVERAGE A (DWELLING)** and **COVERAGE B (PERSONAL PROPERTY)** caused by the additional perils listed below. But we do not cover a loss that is excluded in the **EXCLUSIONS** section of this endorsement or in the **EXCLUSIONS** section of the policy.

1. **Sudden and accidental discharge or overflow of water or steam from within any portion of a plumbing system that is above the surface of the ground and is above and outside the slab or foundation, or from an air conditioning system that is above the surface of the ground and is above and outside the slab or foundation, or from within a household appliance.**

   A loss from this peril includes the cost of tearing out and replacing that part of the building, excluding the slab or the foundation, necessary to repair or replace the system or appliance. But this does not include loss to the system or appliance from which the water or steam escaped.

   We do not cover loss caused by the sudden and accidental discharge or overflow of water or steam from within any portion of a plumbing, heating or air conditioning system, household appliance or automatic fire protection sprinkler system that is either below the surface of the ground or is within or below the slab or foundation except as provided in 3. below.

   We do not cover loss caused by constant, repeated or intermittent discharge, seepage, leakage, overflow or release of water or steam.

   We do not cover loss caused by water which backs up through sewers or drains or which overflows from a sump, sump pump or related equipment except as provided in 4. below.

   Our total limit of liability for any loss caused by this peril is $1,500.

   **This is not additional insurance. It is included in the limit of liability of COVERAGE A (DWELLING) and COVERAGE B (PERSONAL PROPERTY).**

<p align="center">* * * * *</p>

For an additional premium, you may select a higher limit of liability for any loss caused by peril 1. or peril 2. listed above. If selected, the higher limit of liability for these perils will be shown on the declarations page as **ADDITIONAL PERILS COVERAGE**.

(Exhibit A, pp. 28-29, 40, 47; note, "4. Explosion" is quoted herein as modified by endorsement "Special Provisions for Texas – Homeowners Form A – Endorsement MS HO 29" at p. 40). Defendants selected a "higher limit of liability for any loss caused by peril 1. or peril 2.," which was $20,000 as shown on their Policy Declarations page. (Exhibit A, p. 19).

15. CCCS' inspection revealed that Defendants' claimed property damage was caused by a water pipe which froze and burst.

16. Plaintiff paid the $20,000 applicable property damage policy limit to Defendants for sudden and accidental discharge or overflow of water from within a plumbing system, as well as additional payments totaling $5,600 for the full amount of Defendants' alternative living arrangement expenses claimed by Defendants.

17. Aegis seeks a judicial determination that Aegis' liability for Defendants' Claim has been satisfied by Aegis' payment of the $20,000 applicable property damage limits of the Policy and Aegis' payments totaling $5,600 for the full amount of Defendants' alternative living arrangement expenses claimed by Defendants.

## V. PRAYER

WHEREFORE, Plaintiff Aegis Security Insurance Company prays that the Court declare that Aegis' liability for Defendants' Claim has been satisfied by Aegis' payment of the $20,000 applicable property damage limits of the Policy and Aegis' payments totaling $5,600 for the full amount of Defendants' alternative living arrangement expenses claimed by Defendants and grant such other and further relief to which Plaintiff may justly be entitled.

By: /s/ *Jonathan R. Peirce*
Jonathan R. Peirce
S.D. Tex. Fed. ID No. 2303246
Texas Bar No. 24088836
JPeirce@sheehyware.com
George P. Pappas
Texas Bar No. 15454800
GPappas@sheehyware.com
SHEEHY, WARE, PAPPAS & GRUBBS, P.C.
2500 Two Houston Center
909 Fannin
Houston, Texas 77010
713-951-1000
713-951-1199 – Facsimile

**ATTORNEYS FOR THE PLAINTIFF**
**AEGIS SECURITY INSURANCE COMPANY**

6424465